Lemire, James R., J.
Introduction
The plaintiff, Dimitrios Voyiatzis (Voyiatzis), seeks judicial review of a decision by the Board of Appeal on Motor Vehicle Liabilities, Policies and Bonds (“the Board”), upholding the decision of the Registry of Motor Vehicles (“the Registry”), imposing an eight (8) year revocation of Voyiatzis’s license to operate a motor vehicle in Massachusetts. Voyiatzis now moves for judgment on the pleadings, arguing that the defendants’ actions were in violation of constitutional provisions, unsupported by substantial evidence, unwarranted by the facts, and arbitrary and capricious.
For the reasons discussed below, the plaintiffs motion is DENIED, and the Board’s decision is AFFIRMED.
*519 Factual Background
A review of the complaint, the administrative record, and the motion papers submitted by the parties reveal the following. Voyiatzis’s Board of Probation record and driving history indicate that Voyiatzis has been arrested on four occasions for operating under the influence of alcohol. In 1990 he was arrested in Worcester and a not-guilty finding was entered. On May 15, 1998 he was arrested in Connecticut and charged with Operating under the influence. After assignment to an alcohol program, the matter was dismissed. Voyiatzis was arrested for operating under the influence in Worcester in 1999 and in Webster in 2003. Both of these arrests resulted in a continuance without a finding with a condition of completion of an alcohol education program.
On March 4, 2004 the Registiy notified Voyiatzis that his license was revoked for a period of eight years. Voyiatzis appealed the decision of the Registiy to the Board and was granted a hearing on June 2, 2006. At the hearing Voyiatzis asserted that the Connecticut arrest in 1998 was not a conviction and should not be counted against him for suspension purposes. The Board did not agree and found that the statute[1] clearly states that if the appellant was “previously assigned to an alcohol or a controlled substance education . . . program because of a like offense by a court of the Commonwealth or any other jurisdiction” it counts as a like offense in determining the length of license loss. Therefore, the fact that Voyiatzis had attended an alcohol education program as a result of the 1998 Connecticut offense allows the Registiy to conclude that Voyiatzis had three prior operating under the influence offenses that would be used in determining the length of license loss. The result under the statute was an eight-year loss of license.
Voyiatzis timely filed this petition for judicial review under G.L.c. 30A, §14. Voyiatzis served his motion for judgment on the pleadings on or about June 28, 2006. The Board opposes Voyiatzis’s motion and requests that judgment enter affirming the Board’s decision.
A hearing on plaintiffs Motion for Judgment on the Pleadings was held on March 1, 2007. At the hearing Voyiatzis supplemented the record with the assent of the Commonwealth.
Voyiatzis’s attorney submitted a three-page printout from the Connecticut- Registiy of Motor Vehicles relating to the 1998 Connecticut offense and a copy of the Connecticut statute.
Discussion
Standard of Review
The court may modify or set aside an administrative agency’s decision where the decision exceeded the agency’s authority, was based upon an error of law, was unsupported by substantial evidence, or was arbitrary and capricious or otherwise not in accordance with law. Connolly v. Suffolk County Sheriff's Dept., 62 Mass.App.Ct. 187, 192 (2004), citing G.L.c. 30A, §14(7). Substantial evidence is evidence “that a reasonable mind might accept as adequate to support a conclusion.” Bournewood Hospital, Inc. v. Massachusetts Comm’n Against Discrimination, 371 Mass. 303, 317 (1976), citing G.L.c. 30A, §1(6). “The reviewing court ‘shall [however] give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.’ ” Connolly, 62 Mass.App.Ct. at 192. Simply stated, a judicial review of an agency’s decision is a determination of whether a decision was reached within the proper bounds of agency decision-making enumerated in the statute. G.L.c. 30A, §14(7)(a) — (g). Brookline v. Commissioner of DEQE, 398 Mass. 404, 410 (1986).
In reviewing an agency’s decision, the Court is not permitted to substitute its choice for the agency’s choice between two fairly conflicting views even if the Court would have decided an issue differently if the matter was before it de novo. Connolly, supra, at 192-93 (2004), citing Embers of Salisbury, Inc. v. Alcoholic Bevs. Control Comm’n, 401 Mass. 526, 529 (1988). “When determining whether an agency decision is supported by substantial evidence, the standard of review is ‘highly deferential’ to the agency.” Id. at 193, citing Hotchkiss v. State Racing Comm’n, 45 Mass.App.Ct. 684, 695 (1988). However, in evaluating the substantiality of the evidence, the court must consider the entire record and take into account anything in the record that fairly detracts from the weight of the evidence supporting the agency’s determination. City of Salem v. Massachusetts Comm’n Against Discrimination, 44 Mass.App.Ct. 627, 640-41 (1998); Cohen v. Bd. of Registration in Pharmacy, 350 Mass. 246, 253 (1966). The burden of proof is on the appealing party to show that the decision, order or ruling of the commission appealed from is invalid. Merisme v. Board of Appeal on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989).
Analysis
The plaintiff has attempted to introduce new evidence at the motion hearing. Generally, this court is not authorized to review the extra record evidence. She Enterprises, Inc. v. State Bldg. Code Appeals Bd., 20 Mass.App.Ct. 271 (1985), review denied, 396 Mass. 1102. M.G.L.A.c. 30A, §14(6); Superior Court Standing Order 1-96(5) (“No testimony or other evidence shall be presented at the hearing and the review shall be confined to the record”). However, in this case the Commonwealth did not object to the introduction of the new information and therefore this court will consider it as part of the record.
Voyiatzis’s motion is premised on one claim, namely that the facts do not support the Registiy decision. The essence of the plaintiffs argument is that since he was not convicted in Connecticut the Registiy should not have counted that offense in determining his license *520 loss. To support this argument Voyiatzis points to the new evidence of the Connecticut registiy documents. This court does not find the new evidence material in that it does not address the Board’s determination that he had attended an alcohol education program as a result of his motor vehicle arrest in Connecticut. Absent a showing that the Registry incorrectly calculated the number of prior convictions and/or number of prior participations in alcohol education programs the plaintiff fails to prove the invalidity of the decision to revoke his license for eight years.
ORDER
Judgment shall enter Denying Voyiatzis’s motion for judgment on the pleadings and Affirming the Board’s decision.

G.L.c. 90, Sec. 24(l)(c)(3).